Dear Honorable Shurden,
The Attorney General has received your request for an official opinion asking, in effect:
 Is a member of a county excise/equalization board prohibited by 51 O.S. 6 (1981) from simultaneously serving as a trustee of the county hospital authority?
Title 51 O.S. 6 (1981), a general prohibition against dual office holding, provides:
 "Except as may be otherwise provided, no person holding an office under the laws of the state and no deputy of any officer so holding any office, shall, during his term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the state. Provided, that the provisions of this section shall not apply to notaries public, members of the State Textbook Committee, county free fair board members and municipal and county law enforcement officers serving in positions as law enforcement officers of both such governmental entities upon such terms and conditions as are mutually approved by resolutions adopted by the board of county commissioners and governing body of the municipality employing such officers, nor to any person, holding a municipal office or position, who is appointed to a board or commission that relates to municipal government and is created by the United States Government, the State of Oklahoma or a political subdivision of the state, except where the duties of the offices or positions conflict. Provided, that any salaries, emoluments or benefits that would otherwise be paid by the agency or political subdivision to a loaned employee or officer shall instead be paid to the regular employer of such employee who shall in turn be paid his regular salary and benefits the same as if he were continuing his regular employment with his permanent employer."
51 O.S. 6 precludes an individual from holding two or more offices simultaneously under the laws of the State. The dispositive question is whether a member of a county excise board and a trustee of a county hospital authority are holding offices under the laws of the State; that is, whether they are public officers for purposes of 51 O.S. 6, and, if so, whether there are any exceptions which would permit dual office holding in this circumstance.
A public officer is defined by 67 C.J.S. Officers, Section 2 as an individual who has been appointed or elected in a manner prescribed by law, who has a title given him by law, and who exercises functions for the benefit of the public. The term ''office'' was defined in Okla. Cityv. Century Indemnity Co., 62 P.2d 94, 97 (Okla. 1936). The Court held:
 "(a) The specific position must be created or authorized by law; (b) there must be certain definite duties imposed by law on the incumbent; and (c) they must involve the exercise of some portion of the sovereign power. . . ."
Statutory authorization for the creation of the county board of equalization and excise board is found at 68 O.S. 2457 et seq. (1981). 68O.S. 2458 provides that a member of the board of equalization in any county shall become a member of the excise board for that county. Title68 O.S. 2459 (1985) sets forth the duties and authority of the county board of equalization and those duties involve sovereign functions. 68O.S. 2459 empowers the board to:
 "(a) equalize, correct, and adjust the assessed valuation of real and personal property by raising or lowering the valuation of the property, real or personal, of any taxpayer to conform to the fair cash value of said property, as defined by law; and
"(b) add omitted property; and
"(c) cancel assessments of property not taxable."
Additionally, 68 O.S. 2458 requires each member of the board of equalization and excise board for each county to take the oath required of other county officers.
Thus, in accordance with the criteria established in Okla. City v.Century Indemnity Co., supra, a member of a county equalization/excise board holds public office. No statute has been found which would exclude the member from the prohibition against dual office holding, 51 O.S. 6
(1981).
The question then becomes whether a trustee of a county hospital authority, a public trust, also holds public office.
The Oklahoma Public Trust Act, 60 O.S. 176 et seq. (1981), provides for the creation of trusts with the state, any county or any municipality as beneficiary. See, Arnold, "Public Trusts in Okla.", 19 Tulsa L. Journal 192 (1983).
60 O.S. 178 provides in part:
 "Trustees, who are public officers, shall serve without compensation, but may be reimbursed for actual expenses incurred in the performance of their duties as trustees. . . . Every person hereafter becoming a trustee of a public trust first shall take the oath of office required of an elected public officer and every officer and employee who handles funds of a public trust shall furnish a good and sufficient fidelity bond. . . ." (Emphasis added).
Section 178 requires a trustee to take an oath of office and give a bond for the faithful performance of his duties. Such requirements have been found to be indicia of public office. Guthrie Daily Leader v. Cameron,41 P. 635 (1895). Furthermore, in State ex rel. Cartwright v. Okla.Industries Auth., 629 P.2d 1244 (Okla. 1981), the Oklahoma Supreme Court unequivocally identified trustees of public trusts as public officers with a responsibility for maintaining records and a duty to make them open for public inspection. As it is not otherwise provided that a member of the excise/equalization board may hold another public office, the member is prohibited by 51 O.S. 6 (1981) from also serving as a trustee of a county hospital authority.
It is, therefore, the official opinion of the Attorney Generalthat a member of a county excise/equalization board is prohibitedby 51 O.S. 6 (1981) from simultaneously serving as a trustee of acounty hospital authority.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
BETTY E. HUNTER, ASSISTANT ATTORNEY GENERAL